UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| PHILMON LANGLEY,<br><br>        Plaintiff,<br><br>-vs-<br><br><br>GEORGETOWN COUNTY DETENTION CENTER and CHIEF MICHAEL SCHWARTZ,<br><br>        Defendant. | )  Civil Action No.: 4:14-cv-1541-JFA-TER<br>)<br>)<br>)<br>)<br>)  **REPORT AND RECOMMENDATION**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Plaintiff, who is proceeding pro se, filed this action on April 21, 2014, asserting constitutional rights violations pursuant to 42 U.S.C. § 1983. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e) and (g), DSC. This Report and Recommendation is filed for review by the district judge.

After Plaintiff brought this case into proper form by filing additional documents requested by the court, the undersigned entered a report and recommendation (Document # 13) on June 27, 2014, recommending that Defendant Georgetown County Detention Center be dismissed, as well as a separate order (Document # 10) authorizing service of process on Defendant Schwartz. The order also directed Plaintiff to keep the clerk of court advised in writing if his address changed for any reason. Both the report and recommendation and the order were returned to the court as undeliverable (Document # 20). Subsequent court documents sent to Plaintiff at the address he provided at the time he filed his complaint were returned as undeliverable as well (Documents # 30, 32).

Defendant Schwartz moves to dismiss this action for Plaintiff's failure to prosecute pursuant

to Fed. R.Civ.P. 41(b). Because Plaintiff is proceeding pro se, the undersigned entered an order (Document # 35) pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), advising Plaintiff that a failure to respond to the motion to dismiss could result in the motion being granted. Plaintiff has not filed a response to the motion.

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed.R.Civ.P. 41(b)." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir.1989). "Federal courts possess an inherent authority to dismiss cases with prejudice sua sponte." Gantt v. Maryland Division of Correction, 894 F.Supp. 226, 229 (D.Md. 1995) (citing Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); White v. Raymark Industs., Inc., 783 F.2d 1175 (4th Cir.1986); Zaczek v. Fauquier County, Va., 764 F.Supp. 1071, 1074 (E.D.Va.1991)).

The Fourth Circuit, in Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), recognizing that dismissal with prejudice is a harsh sanction which should not be invoked lightly, set forth four considerations in determining whether Rule 41(b) dismissal is appropriate: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. Id. at 70.

Subsequently, however, the Fourth Circuit noted that "the four factors ... are not a rigid four-pronged test." Ballard, 882 F.2d at 95. "Here, we think the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court

in doubt and invited abuse." Id. at 95-96.

In the present case, Plaintiff is proceeding pro se and, thus, is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that Plaintiff has failed to prosecute this case. As stated above, in an order dated June 27, 2014 (Document # 10), the undersigned directed Plaintiff to keep the clerk of court advised of any changes in his address. Although this order was returned to the court as undeliverable, and, thus, Plaintiff is unaware of the requirement to notify the court of any change in address, neither Defendant nor the court can proceed with this case without current contact information for Plaintiff. Because Plaintiff has failed to keep this court apprised of his change of address or respond to the present motion to dismiss, the undersigned can conclude only that Plaintiff has abandoned his claims against Defendants. No other conclusion is reasonable.

As such, it is recommended that Defendant's Motion to Dismiss for Lack of Prosecution (Document # 34) be granted and this case dismissed without prejudice.

                                                  s/Thomas E. Rogers, III
                                                  Thomas E. Rogers, III
                                                  United States Magistrate Judge

October 27, 2014
Florence, South Carolina

**The parties are directed to the important notice on the following page.**